UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 24, 2020

MEMORANDUM TO PARTIES RE:   Bianca A. Hughley v. JetBlue Airways
Corporation, et al.
Civil Action No. GLR-19-3523

Dear Parties:

Pending before the Court is Defendant Adrian Lopez's Motion to Dismiss (ECF No. 12).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the following reasons, the Court will grant the Motion.

Plaintiff Bianca A. Hughley, an African American woman, alleges that her former employer, JetBlue Airways Corporation ("JetBlue"), and former general manager, Adrian Lopez, subjected her to unequal terms and conditions of employment, engaged in retaliatory conduct, and terminated her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. (2018). (Compl. at 3–5, ECF No. 1).[2]

On or about March 30, 2018, Hughley was "falsely accused of leaving work early," and she informed Lopez that she was being subjected to harassment and retaliation.[3] (Id. at 6). Lopez issued Hughley a disciplinary infraction on April 12, 2018, even though he allegedly knew that Hughley did not leave work early. (Id.). At some point, Hughley contacted human resources, and Liz Rodriguez scheduled a teleconference with Hughley and Lopez to discuss the infraction and Hughley's harassment claims. (Id.). During the call, Lopez stated that he was not withdrawing the infraction. (Id.). Dissatisfied with the outcome of the teleconference, Hughley called Rodriguez's manager. (Id.). However, it is unclear from the Complaint if Hughley actually spoke to her manager. Sometime thereafter, Lopez terminated Hughley. (Id.).

---

[1] Also pending before the Court is Plaintiff Bianca A. Hughley's Request for Extension. (ECF No. 19). This Court normally grants litigants, particularly those who are pro se, additional time to respond to dispositive motions. However, as discussed herein, Lopez is entitled to dismissal as a matter of law, because Lopez is not an "employer" within the meaning of Title VII and cannot be held liable for Title VII violations in his supervisory capacity. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998). Hughley's Complaint fails to allege facts suggesting otherwise. Because the Court will grant the Motion to Dismiss, Hughley's Request will be denied.

[2] Unless otherwise noted, the Court takes the facts from Hughley's Complaint (ECF No. 1) and accepts them as true.

[3] The Complaint fails to identify the individuals who were allegedly harassing and retaliating against Hughley, the precise nature of their conduct, or when the conduct occurred.

On June 21, 2018, Hughley filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Id.). Hughley received a Notice of Right to Sue Letter on September 29, 2019.[4] (Id.). On December 10, 2019, Hughley, proceeding pro se, sued JetBlue and Lopez, alleging discrimination based on race and gender in violation of Title VII. (ECF No. 1). Hughley seeks an unspecified amount in backpay and $25 million in damages. (Compl. at 7).

On February 20, 2020, Lopez filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12). The Clerk of the Court mailed Hughley a Rule 12 Letter on February 24, 2020, informing Hughley that she had twenty-eight days from the date of the notice to oppose Lopez's Motion. (ECF No. 16). Because that deadline fell between March 16, 2020 and June 5, 2020, Hughley automatically received an additional eighty-four days to respond to the Motion pursuant to the standing order governing the Court's operations during the COVID-19 pandemic. (See Standing Order 2020-07, In re Standing Orders, No. 1:00-mc-00308 (filed D.Md. Apr. 10, 2020), ECF No. 99). Accordingly, Hughley's opposition was due no later than June 15, 2020. On June 10, 2020, Hughley filed a Request for Extension, seeking an unspecified amount of time to respond to the Motion. (ECF No. 19). To date, Lopez has not filed an opposition to Hughley's Request.

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

---

[4] Hughley failed to attach a copy of her EEOC charge or the Right to Sue Letter, so it is unclear what discrimination claims she submitted for EEOC review.

When, as here, the plaintiff is proceeding pro se, the Court will liberally construe the pleadings, which are held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

Lopez argues that he is entitled to dismissal under Rule 12(b)(6) because Title VII does not provide for individual liability. The Court agrees.

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The United States Supreme Court recently held that Title VII also protects homosexual and transgender employees from workplace discrimination. Bostock v. Clayton Cty., Ga., No. 17-1618, 2020 WL 3146686, at *18 (U.S. June 15, 2020) ("An employer who fires an individual merely for being gay or transgender defies the law."). Title VII also forbids retaliation based on an employee's opposition to conduct prohibited by Title VII, or for participation in a Title VII investigation or proceeding. 42 U.S.C. § 2000e–3.

However, a person cannot be held liable under Title VII in his or her individual capacity unless the person qualifies as an "employer" within the meaning of the statute. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) (holding that "supervisors are not liable in their individual capacities for Title VII violations"); see also Brown v. Bratton, No. ELH-19-1450, 2020 WL 886142, at *17 (D.Md. Feb. 21, 2020) (reiterating that supervisors are not liable for Title VII violations in their individual capacities). Pursuant to § 2000e(b) an "employer" is anyone who employs fifteen or more employees, "and the term 'employer' is intended to have its common dictionary meaning." Bonomo v. Nat'l Duckpin Bowling Cong., Inc., 469 F.Supp. 467, 472 (D.Md. 1979).

Here, Hughley identifies JetBlue as her employer and Lopez as a general manager. Moreover, the Complaint does not allege facts suggesting that Lopez is, in actuality, an employer within the meaning of § 2000e(b). Thus, Lopez is entitled to dismissal of the Complaint, because, as a supervisor, he cannot be held liable in his individual capacity for a Title VII violation.

For the foregoing reasons, Lopez's Motion to Dismiss (ECF No. 12) is GRANTED and Hughley's Request for Extension (ECF No. 19) is DENIED. Despite the informal nature of this memorandum, it shall constitute an order of this Court, and the Clerk is directed to docket it accordingly and to mail a copy of this memorandum to Hughley at her address of record.

3

Very truly yours,

/s/

George L. Russell, III
United States District Judge

4